# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TIKISHIA R. RUSHING,

            Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration,[1]

            Defendant.

Case No. 12-CV-1-FHM

## OPINION AND ORDER

Plaintiff, Tikishia R. Rushing, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's July 24, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held November 9, 2009. By decision dated January 6, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 10, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 33 years old on the alleged date of onset of disability and 34 on the date of the ALJ's denial decision.  She completed the 11th grade and formerly worked as housekeeper and laundry worker.  She claims to have been unable to work since October 1, 2007 as a result of pain and functional limitations resulting from bilateral hip internal fixation, knee pain, osteoarthritis, and depression.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform sedentary work, except she is limited to performing simple, repetitive tasks and having no more than incidental contact with the public. [R. 14].  Although Plaintiff is unable to perform her past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-

step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ ignored and rejected the opinion of the state agency doctor who reviewed her medical records and the ALJ's credibility analysis was erroneous and not supported by substantial evidence.

## Analysis

Dr. Tom Shadid, Ph.D., a State Disability Determination Service (DDS) psychological consultant, reviewed Plaintiff's medical record and rendered an opinion about Plaintiff's mental ability to perform work-related activities. Dr. Shadid found Plaintiff can perform simple work with no public contact. [R. 220]. Dr. Shadid also stated Plaintiff can relate to supervisors and peers on a superficial work basis and reiterated she cannot relate to the general public. [R. 224]. The ALJ mentioned Dr. Shadid and his opinion that Plaintiff can perform simple work with no public contact, [R. 19]. The ALJ's RFC did not include the restriction of "no public contact." Rather, the ALJ limited Plaintiff to "having no more than incidental contact with the public." [R. 14]. The ALJ did not discuss the opinion that Plaintiff can only relate to supervisors and peers on a superficial work basis. Plaintiff argues that the ALJ's decision should be reversed and the case remanded because the ALJ accepted part of Dr. Shadid's opinion and apparently rejected other parts of his opinion without providing a reason for the rejection.

Although the ALJ is not bound by the findings made by State agency medical or psychological consultants, the regulations instruct that these consultants are "highly

qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. § 416.927(f)(2)(i). Where, as here, the DDS consultant's opinion is uncontradicted, the ALJ may not accept some of the opinion and reject part of it without providing an explanation for why some of the opinion is rejected. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th cir. 2007). The ALJ was thus required to explain why he did not include all of Dr. Shadid's restrictions in the RFC. On remand the ALJ is required to properly address Dr. Shadid's opinion.

The Commissioner argues that even if the ALJ erred in his analysis of Dr. Shadid's opinion, it is not reversible error because Dr. Shadid's opinion does not support a finding of disability. The court disagrees. Dr. Shadid's opinion is the only one in the record concerning Plaintiff's mental limitations and Dr. Shadid found that Plaintiff was limited to performing simple repetitive tasks, having only superficial contact with peers and supervisors, and no public contact. [R. 220, 224]. Nothing in the record discloses whether jobs exist in significant numbers in the economy for one with these limitations because that set of limitations was not proposed to the vocational expert. The Commissioner's statement that Dr. Shadid's opinion does not support a finding of disability is rejected as not supported by the record. Further, it is the Commissioner's burden at step five of the sequential evaluation to demonstrate that jobs exist in the economy for one with the claimant's limitations. On this record, the court cannot say that the Commissioner met her step-five burden.

The court also agrees with Plaintiff that the ALJ failed to perform an adequate credibility analysis. The ALJ did not provide any explanation for his determination that

4

Plaintiff's statements about the limiting effects of her impairments are not credible. The ALJ set out the relevant criteria to be considered in assessing a claimant's credibility, but failed to provide any discussion of this analysis. The ALJ's decision contains two conclusory boilerplate statements concerning Plaintiff's credibility, [R. 16, 19], which do not actually contain any analysis or any reference to the facts of the case.

Although credibility determinations made by an ALJ are generally treated as binding upon review, the credibility evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. . *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990), Social Security Ruling (SSR) 96-7p, 1996 WL 374186 (July 2, 1996).  Further, an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

In this case the ALJ summarized Plaintiff's testimony and the medical evidence and stated a conclusion, leaving it to the court to pick out of the summary what evidence might support the credibility finding. This technique falls short of the requirements of SSR 96-7p and *Kepler.* The decision must therefore be reversed and the case remanded for the ALJ to provide a reasoned credibility determination.

## Conclusion

For the reasons expressed herein, the ALJ's decision is REVERSED and the case is REMANDED for further proceedings as set out herein.

SO ORDERED this 24th day of June, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE